UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LEROY JOHNSON, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-4757** |
| **SHERIFF JERRY LARPENTER, ET AL.** | **SECTION: "E"(3)** |

# REPORT AND RECOMMENDATION

Plaintiff, Leroy Johnson, Jr., a state pretrial detainee, filed this *pro se* and *in forma pauperis* federal civil action pursuant to 42 U.S.C. § 1983. He sued Sheriff Jerry Larpenter, Richard Petie Neal, Warden Claude Triche, and the Terrebonne Parish Consolidated Government. In this lawsuit, plaintiff claims that he was denied adequate medical care while incarcerated at the Terrebonne Parish Criminal Justice Complex.

Specifically, plaintiff alleges that he is a diabetic who was arrested on February 22, 2018. At the time of his arrest, he was suffering from an infection in his mouth which caused him constant pain, facial swelling, and difficulty eating and swallowing.[1] When he filed a grievance concerning the matter in March, Richard Petie Neal responded, stating that plaintiff could be placed on the waiting list to see the dentist by turning in a dental request form.[2] Plaintiff appealed that response, and, on April 2, Warden Claude Triche responded in writing, stating:

> IN REFERENCE TO STEP TWO OF YOUR INMATE GRIEVANCE. I TALK WITH RICHARD "PETIE" NEAL, THE MEDICAL ADMINISTRATOR FOR THIS FACILITY REFERENCE TO YOUR STEP ONE GRIEVANCE. AT THIS TIME I AGREE WITH HIS ADMINISTRATIVE COMMENTS TO YOU. BECAUSE THERE IS A WAITING LIST FOR INMATES TO GO SEE THE DENTIST AND YOU ON IT. ALSO, A FAMILY MEMBER CAN MAKE YOU A PRIVATE APPOINTMENT WITH A DENTIST AND PAY FOR IT. THEN THE DENTIST OFFICE CAN CALL HERE FOR THE MEDICAL DEPARTMENT AND SET THE APPOINTMENT UP.

---

[1] Rec. Doc. 7-3, pp. 4-5.
[2] Id. at p. 9.

> REFERENCE TO YOU WANTING TO BE SHIPPED TO A D.O.C. FACILITY TO HAVE YOUR MEDICAL ISSUES FIXED. YOU HAVE TO GO TO COURT ON YOUR CHARGES AND BECOME A D.O.C. INMATE FIRST BEFORE YOU CAN GET SHIPPED TO A D.O.C. FACILITY. ALSO, YOU ARE HOUSED HERE IN A MEDICAL DORM – B200 AND YOU ARE GETTING MEDICAL TREATMENT AND SEEING THE DOCTOR. I WAS ALSO ADVISED BY RICHARD 'PETIE' NEAL YOU WILL BE SHIPPED TO A D.O.C. FACILITY ONCE YOU RECEIVED YOUR TIME AND GET SENTENCE AND APPROVED BY D.O.C. TO BE SHIPPED.[3]

On May 10, 2018, plaintiff then expressed his concerns in person to Dr. Haydel, the jail's physician. Dr. Haydel asked unidentified members of the jail medical staff what they were doing for plaintiff, and they replied that they were attempting to have him shipped to a different facility.[4]

On May 16, 2018, plaintiff saw the dentist. Plaintiff alleges that he informed the dentist that there was an infection in one of his teeth; however, the dentist replied that there was no infection and pulled the tooth. Plaintiff alleges that, during the procedure, his "gum line" was ripped and the bone broken, causing his infection to spread. He alleges that he is now being told that all of his teeth will have to be pulled.[5]

Plaintiff also makes a vague reference to having experienced unresolved numbness and pain in his foot; however, he provides no other details concerning that contention.[6]

## Claims Against Richard Petie Neal and
## the Terrebonne Parish Consolidated Government

Richard Petie Neal and the Terrebonne Parish Consolidated Government filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure,[7] which plaintiff opposed.[8]

---

[3] Id. at p. 8.
[4] Id. at p. 6.
[5] Rec. Doc. 7, p. 3.
[6] Rec. Doc. 7-2, p. 5.
[7] Rec. Doc. 18.
[8] Rec. Doc. 20.

Rule 12(b)(6) allows a defendant to move for dismissal when a plaintiff fails to state a claim upon which relief can be granted. In ruling on such a motion, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re* Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted). However, "[t]o survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead sufficient facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. (citation, footnote, and quotation marks omitted). On that point, the United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted).

In this lawsuit, plaintiff sued Neal in both his official and individual capacities.[9] However, as the defendants note in their motion, "[o]fficial capacity suits generally represent another way of pleading an action against an entity of which an officer is an agent." Burge v. Parish of St. Tammany, 187 F.3d 452, 466 (5th Cir. 1999). Therefore, any official-capacity claim against Neal is in reality a claim against the local governmental body itself, the Terrebonne Parish Consolidated Government. See Hinojosa v. Larpenter, Civ. Action No. 17-9861, 2018 WL 794390, at *4 (E.D. La. Feb. 8, 2018).

---

[9] Rec. Doc. 7, p. 1.

3

Accordingly, both plaintiff's official-capacity claim against Neal and the claim directly asserted against the Terrebonne Parish Consolidated Government must be considered in light of the jurisprudence applicable to claims against local government units. Specifically:

> In order to hold a municipality or a local government unit liable under Section 1983 for the misconduct of one of its employees, *a plaintiff must initially allege that an official policy or custom was a cause in fact of the deprivation of rights inflicted.* To satisfy the cause in fact requirement, *a plaintiff must allege that the custom or policy served as a moving force behind the constitutional violation at issue or that [his] injuries resulted from the execution of an official policy or custom.* The description of a policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts.

Spiller v. City of Texas City, Police Department, 130 F.3d 162, 167 (5th Cir. 1997) (emphasis added; citations, quotation marks, and brackets omitted). Further, "[a] plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity." Colle v. Brazos County, Texas, 981 F.2d 237, 245 (5th Cir. 1993); see also Wetzel v. Penzato, Civ. Action No. 09-7211, 2009 WL 5125465, at *3 (E.D. La. Dec. 23, 2009). Rather, he must identify the policy or custom which allegedly caused the deprivation of his constitutional rights. See, e.g., Murray v. Town of Mansura, 76 Fed. App'x 547, 549 (5th Cir. 2003); Treece v. Louisiana, 74 Fed. App'x 315, 316 (5th Cir. 2003); Wetzel, 2009 WL 5125465, at *3. In the instant case, plaintiff does not allege that his constitutional rights were violated as a result of a policy or custom, much less identify such a policy or custom. Therefore, he has failed to state a proper claim against either Neal in his official capacity or the Terrebonne Parish Consolidated Government.

Plaintiff has also asserted a claim against Neal in his individual capacity. "Plaintiffs suing governmental officials in their individual capacities ... must allege specific conduct giving rise to a constitutional violation. This standard requires more than conclusional assertions: The plaintiff

4

must allege specific facts giving rise to the constitutional claims." Oliver v. Scott, 276 F.3d 736, 741 (5th Cir. 2002) (citation omitted).

Here, plaintiff makes no direct reference in the written statement of his claims concerning specific actions Neal took or failed to take. However, considering plaintiff's claims in light of the grievances attached to his complaint, it appears that he is contending that his rights were violated by Neal's decision to place him on the dentist's waiting list rather than to arrange for immediate dental care.

> The United States Fifth Circuit Court of Appeals has held:
>
> The Fourteenth Amendment provides that government officials may not disregard the "basic human needs" of pretrial detainees, which include medical care. Hare v. City of Corinth, Miss., 74 F.3d 633, 639 (5th Cir. 1996) (en banc). An official violates this clearly established right if actions are taken with deliberate indifference to the detainee's serious medical needs. Id. at 647-48. Deliberate indifference is shown where the official "knew of and disregarded an excessive risk to the inmate's health or safety." Gibbs v. Grimmette, 254 F.3d 545, 549 (5th Cir. 2001).
> Mere negligence is not sufficient to show deliberate indifference to medical needs. Id. "Rather, the plaintiff must show that the officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." Domino v. Tex. Dep't of Crim. Justice, 239 F.3d 752, 756 (5th Cir. 2001) (citation and quotation marks omitted). A delay in treatment is a constitutional violation only where "there has been deliberate indifference [that] results in substantial harm." Easter v. Powell, 467 F.3d 459, 463 (5th Cir. 2006) (citation and quotation marks omitted) (alteration in original).

Flores v. Jaramillo, 389 Fed. App'x 393, 395 (5th Cir. 2010).

Here, the defendants do not dispute the seriousness of plaintiff's dental needs. They do, however, argue that plaintiff cannot show that those needs were met with deliberate indifference. It is clear that "[d]eliberate indifference is an extremely high standard to meet," Domino, 239 F.3d at 756, and it "encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind," McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997). "[T]he

failure to alleviate a significant risk that the official should have perceived, but did not is insufficient to show deliberate indifference." Domino, 239 F.3d at 756 (quotation marks and brackets omitted).

Plaintiff's complaint and the attachments thereto show that his medical needs, including his dental needs, were not ignored or wantonly disregarded. He was housed on the medical dorm of the Terrebonne Parish Criminal Justice Complex,[10] placed under the care of Dr. Haydel, the jail's physician,[11] and prescribed antibiotics on four different occasions in an attempt to treat the painful infection in his mouth.[12] Moreover, he was placed on the waiting list to see the dentist, and he was in fact seen by the dentist on May 16, 2018 (eighty-three days after his arrest and seventy-one days after submission of his grievance concerning his need for dental care).[13] Under those facts, deliberate indifference simply cannot be shown. See, e.g., Walcott v. Pat, Civ. Action No. 16-15587, 2017 WL 1403336, at *5 (E.D. La. Mar. 13, 2017) (no liability on the part of attending nurse where the plaintiff was placed on a waiting list to see the dentist, was provided with medications during the interim, yet did not obtain a dental appointment and extraction until three months after his initial complaint, noting that "absent an allegation of substantial harm, a delay of four months, ... or even five months ... in the provision of dental care fails to rise to the level of a constitutional violation"), adopted, 2017 WL 3594369 (E.D. La. Aug. 21, 2017); Coleman v. Whitney, Civ. Action No. 06-2518, 2007 WL 2712942 (E.D. La. Sept. 13, 2007) (no deliberate indifference found where the plaintiff was placed on waiting list to see a dentist for a "severe toothache" but where no appointment occurred before he was transferred to another facility

---

[10] See Rec. Doc. 7-3, p. 8.
[11] See id. at p. 6.
[12] Id. at p. 4.
[13] Rec. Doc. 7, p. 3 (date of dental appointment); see also Rec. Doc. 7-3, pp. 4 (date of arrest) and 9 (date of grievance).

two months later, noting that plaintiff was provided with medication for pain and infection, was seen by a physician, and was seen by medical personnel when he complained).[14]

For all of these reasons, the defendants' motion to dismiss should be granted.

## Claims Against Jerry Larpenter and Warden Claude Triche

Sheriff Larpenter and Warden Triche did not join in the foregoing motion. Nevertheless, the undersigned finds that the claims against them should likewise be dismissed for the following reasons.

With respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action …
>
> (i)   is frivolous or malicious;
> (ii)  fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

---

[14] Out of an abundance of caution, the Court notes that it has considered plaintiff's contention that, because the dentist allegedly botched the extraction, the infection purportedly spread and may now necessitate the extraction of all of plaintiff's teeth. However, even if such harm occurred, it was caused the dentist's alleged negligence or malpractice, *not Neal's decision to place plaintiff of the standard waiting list.*
  The Court also notes that, in his pleading, plaintiff posed the question as to whether the dentist could be named as a defendant in this lawsuit or whether a separate lawsuit was required. See Rec. Doc. 7, p. 3. However, there is no need to allow plaintiff an opportunity to amend his complaint to add the dentist as a defendant in this federal action. At worst, the dentist's actions constituted negligence or malpractice. However, "negligence and medical malpractice do not give rise to a § 1983 cause of action …." Smith v. Harris, 401 Fed. App'x 952, 953 (5th Cir. 2010). Rather, claims of negligence or malpractice present issues of *state law* for *state courts*, not federal constitutional issues for a federal court. See Estelle v. Gamble, 429 U.S. 97, 107 (1976); Coleman v. Terrebonne Parish Criminal Justice Complex, Civ. Action No. 13-4325, 2013 WL 6004051, at *4 (E.D. La. Nov. 13, 2013). If plaintiff wishes to sue the dentist, he should do so in an appropriate *state court*.
  Lastly, the Court notes that the defendants do not separately address plaintiff's brief reference to foot pain. See Rec. Doc. 7-2, p. 5. Nevertheless, that vague reference fails to state a cognizable claim. The mere fact that plaintiff may have experienced some type of foot pain does not, without more, suffice to support an inference either that the foot pain constituted a "serious medical need" or that any defendant acted with deliberate indifference.

Federal law also mandates that federal courts screen cases, such as the instant one, "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).[15]  Regarding such lawsuits, federal law similarly requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

In the instant case, any official-capacity claims against Larpenter and Triche suffer from the same defect already identified with respect to the official-capacity claim against Neal.  Namely, a plaintiff asserting an official-capacity claim must allege that his rights were as a result of an *official policy or custom*, and plaintiff has made no such allegation in this case.

Any individual-capacity claims against Larpenter and Triche likewise fail because, although those individuals are identified as defendants, plaintiff has asserted no factual allegations whatsoever against them.  Obviously, merely listing a defendant in the caption without making the factual allegations necessary to connect that defendant to a claim does not suffice.  See Tuley v. Heyd, 482 F.2d 590, 594 (5th Cir. 1973) (noting that the mere inclusion of names and notations of office in the caption does not suffice to state a claim); Brzozowski v. Randall, 281 F. Supp. 306, 312 (E.D. Pa. 1968) (granting motion to dismiss where plaintiff only named defendant in the

---

[15] "[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

caption). Moreover, if plaintiff intended to name Larpenter and Triche as defendants with respect to his claim concerning his medical care, that claim has no merit for the reasons already explained.

Accordingly, the claims against Larpenter and Triche should be dismissed *sua sponte* as frivolous and/or for failing to state a claim upon which relief may be granted.

## RECOMMENDATION

It is therefore **RECOMMENDED** that the motion to dismiss filed by Richard Petie Neal and the Terrebonne Parish Consolidated Government, Rec. Doc. 18, be **GRANTED** and that the claims against those defendants be **DISMISSED WITH PREJUDICE**.

It is **FURTHER RECOMMENDED** that the claims against Sheriff Jerry Larpenter and Warden Claude Triche be **DISMISSED WITH PREJUDICE** as frivolous and/or for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this eighth day of November, 2018.

_____
**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**